**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHYLLIS HUFFMAN, as Personal
Representative of the Estate of Carl W.
Huffman,

      Plaintiff,

v.                                                     Case No. 08-CV-14959-DT

AMERICAN STEAMSHIP COMPANY,

      Defendant.
                                                    /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER VENUE**

      Before the court is Plaintiff Phyllis Huffman's January 14, 2009 motion to transfer venue. The matter has been fully briefed, and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

      Under 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under § 1404(a) the following three requirements must be met: "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich. 1994).

      "A district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (citing *Cote v. Wadel,* 796

F.2d 981, 985 (7th Cir. 1986)).  In exercising this discretion, the court considers the following factors:

> (1) the convenience of witnesses;
> (2) the location of relevant documents and relative ease of access to sources of proof;
> (3) the convenience of the parties;
> (4) the locus of the operative facts;
> (5) the availability of process to compel the attendance of unwilling witnesses;
> (6) the relative means of the parties;
> (7) the forum's familiarity with the governing law;
> (8) the weight accorded the plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).  Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The party seeking transfer of venue usually has the burden to establish that the new forum is more convenient.  *Viron Inter. Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002).

Having considered these factors, as applied in this particular case, the court finds a transfer is warranted under 28 U.S.C. § 1404(a).  There is no dispute that this action could have been brought in the Western District of Michigan.  Thus, whether this case should be transferred will turn on a balancing of the interests of justice and the convenience of the parties and witnesses.  In considering these factors, the court concludes that the interests of justice favor a transfer.  According to Plaintiff's counsel, the only reason the case was not filed in the Western District is due to a mistake in

counsel's knowledge of Michigan geography.  Plaintiff's counsel contends that he believed that Mackinac County, where Plaintiff resides, is "equated geographically with Mackinaw City, the latter of which resides in this district.  In fact, [Mackinac County] lies in the Western District, Northern Division." (Pl.'s Mot. Br. at 1.)  It is true that Plaintiff's place of residence is situated in the Western District of Michigan.  28 U.S.C. § 602(b)(2).  It is also true that, had counsel believed that Mackinac County was in the same district as Mackinaw City, he could have believed it to be in the Eastern District of Michigan.[1]  The court accepts counsel's assertion and finds that counsel made a good faith mistake in the chosen district.  The court is also persuaded that counsel acted promptly in correcting this mistake.  Defendant's answer was filed just three weeks ago, on January 12, 2009, and this case is still in its infancy.  For these reasons, the court concludes that the interests of justice favor correcting counsel's mistake and transferring this action to Plaintiff's chosen forum.

The court also concludes that the convenience of the witnesses and parties favor a transfer.  Defendant objects to the transfer, arguing that the Eastern District of Michigan is a more convenient forum for Defendant and Defendant's witnesses.  Indeed, the court should not transfer a case where the transfer would simply exchange the inconvenience of one party for that of the other.  *Superior Consulting Co., Inc. v. Walling,* 851 F. Supp. 839, 845 (E.D. Mich. 1994).  Such is not the case here though.  Defendant points to a number of Toledo, Ohio witnesses who will testify as to their

---

[1] The village of Mackinaw City is situated in two counties, one of which, Emmet is located in the Western District while the other, Cheboygan, is located in the Eastern District.  *See* 28 U.S.C. §102 (a)&(b). The county line runs along Nicolet Street and more or less bisects the village.

handling and investigation of the decedent's death in this Jones Act case. (Def.'s Resp. at 8-9.) After considering Defendant's response, however, the court is persuaded that this case will primarily turn not on facts gathered in Ohio, but rather on facts gathered in Traverse City, Michigan. Plaintiff claims that Defendant's agent, operating out of Traverse City, negligently certified the decedent fit for duty, and that the decedent thereafter died in his room while on board the *H. Lee White*, somewhere on Lake Erie. (*Id.* at 4-5.) The *H. Lee White* than continued to Toledo, Ohio, where the authorities investigated the death and issued the death certificate. (*Id.* at 5.) Based on this description of the claim, it does not appear to the court that the material witnesses are located in Ohio, where the facts are likely to be, in large part, undisputed. Rather, this case will likely turn on the facts arising out of the medical examination, which occurred in Traverse City, Michigan, which is located in the Western District of Michigan.[2] *See Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) ("One chief witness's convenience, in fact, may outweigh the convenience of other, less significant witnesses.").

Finally, the court is not swayed by Defendant's argument that persons in Toledo may not be subject to compulsory process from the Western District of Michigan. Even

---

[2]Defendant complains that Traverse City is one hour closer to Detroit than it is to Marquette, which is the place of holding court in the Western District of Michigan, Northern Division. This may be true, but the court's analysis focuses on a comparison of the relevant districts, not on a comparison of the places of holding court. Here, the court determines that the Western District of Michigan is a more convenient forum, and the local rules of that district provide for the case to be situated in the Northern Division. *See* W.D. Mich. LCivR 3.2(d). Moreover, the Western District of Michigan provides a mechanism by which the parties can attempt to transfer their case to a different place of holding court for geographical convenience, which the parties may attempt if they so desire following this court's transfer. *See* W.D. Mich. LCivR 3.3.2(a).

4

if counsel may be able to obtain a subpoena out of the Western District of Michigan, counsel can nonetheless obtain a subpoena, for discovery deposition purposes, out of another district. See Fed. R. Civ. P. 45(a)(2)(B). Further, Defendant has not shown that the specified witnesses will be necessary at trial, or that they would be unwilling to travel to the Western District of Michigan.

After considering all of these factors, the court finds that a transfer is in the interests of justice and will better serve the convenience of the parties. Accordingly,

IT IS ORDERED that Plaintiff's motion to change venue [Dkt. # 7] is GRANTED, and the clerk of the court is DIRECTED to transfer this matter to the Western District of Michigan, Northern Division.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 5, 2009, by electronic and/or ordinary mail.

   S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522